UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Matthew Michel,<br>            Plaintiff,<br><br>       -against-<br><br>Credit Protection Association L. P. and Etan General, Inc.,<br><br>            Defendant. | :<br>:<br>:   14 cv: 8452<br>:<br>:   JURY TRIAL DEMANDED<br>: |

Plaintiff Matthew Michel brings this Complaint against Defendants Credit Protection Association L. P. ("CPA") and its General Partner Etan General, Inc. ("Etan") for CPA's practice of using an automatic telephone dialing system ("autodialer" or "ATDS") to call cell phones with an artificial and/or prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as for the harassing and unfair effect of such calls on Plaintiff, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including and on the investigation conducted by and through his attorneys, as follows:

## NATURE OF THE CASE

1.      The TCPA became law on December 20, 1991, enacted in an effort to protect consumer privacy interests with respect to telecommunications. Among other things, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer

> except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.").

2. Accordingly, the TCPA prohibits autodialed or artificial/prerecorded voice calls except in very limited circumstances. Specifically, and as is relevant here, the TCPA generally prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

3. Plaintiff, having received numerous, harassing autodialed and artificial and/or prerecorded voice calls from CPA—despite directly requesting that such calls stop—files this Complaint against Defendant CPA, seeking relief from its illegal calling practices.

## **PARTIES**

4. Plaintiff Matthew Michel is a natural person and Citizen of the State of Illinois and resident within the Northern District of Illinois.

5. Defendant CPA is a Texas Limited Partnership and headquartered at 13355 Noel Rd., Suite 2100, Dallas, Texas 75240.

6. Etan is the General Partner of CPA.

7. CPA is a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the instrumentalities of interstate commerce (automated

telephone dialers and United States mail) to collect or attempt to collect consumer debts and, in the ordinary course of business, regularly engages in debt collection.

## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012).

9. The Court has personal jurisdiction over Defendants because CPA promotes itself as "licensed to collect nationwide" on its website, www.creditprotect.com and regularly conducts business in this District and Etan is CPA's general Partner.

10. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including CPA's causing of Plaintiff's cell phone to be called using an auto-dialer and/or artificial or prerecorded voice.

## FACTS

11. Defendant CPA is a collection agency and, according to its website, "CPA has mastered the art of collections with services designed to retain customers, collect outstanding balances and equipment and reduce the costs associated with processing delinquent accounts." *See* http://www.creditprotect.com

12. CPA's regular business practices include contacting alleged debtors and third parties by telephone in connection with supposed consumer debts. Many of these calls are, in fact, made to numbers assigned to cellular telephones.

13. Within the two years prior to the filing of this action, CPA caused dialing equipment to be used to dial the cellular telephone number of Plaintiff. Such equipment had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. The dialing equipment used by CPA had the capacity to dial numbers without human intervention.

14. CPA also utilized an artificial and/or prerecorded voice in calls made in connection with its business, including with respect to calls to Plaintiff.

15. CPA did not acquire the Plaintiff's number from the Plaintiff.

16. Plaintiff was called on scores of occasions even after he asked that the calls stop.

### Allegations Specific to Plaintiff Michel

17. CPA repeatedly called Plaintiff's cell phone to try to collect a debt he didn't owe. Plaintiff began receiving these calls from CPA in or around January 22, 2013. Prior to receiving these calls, Plaintiff had no relationship with CPA.

18. CPA repeatedly caused Plaintiff's cell phone to be called in an attempt to collect a debt which was not owing.

19. CPA predominantly used artificial/prerecorded voice messages in the calls it caused to be made to Plaintiff's cell phone, and many if not all of the calls were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention. CPA also sent letters to Plaintiff seeking to collect this claimed debt.

20. When Plaintiff answered the phone, Plaintiff could hear that the calls he received from CPA used a prerecorded and/or artificial voice. When Plaintiff did not answer the phone the messages CPA left on Plaintiff's cell phone were identical or nearly to each other asking Plaintiff to call 1-888-745-3191 and refer to file number xxxxxx27497 and that the call was an attempt to collect a debt.

21. Plaintiff could tell that the calls she received from CPA were made using an auto-dialer because, in addition to using a prerecorded and artificial voice—which, alone, indicates use of an auto-dialer—the calls were made repeatedly to his cell phone, including even more than once a day, and frequently if not always via the same 1-888-745-3191 number (3 calls were received from1-888-745-2315.

22. No human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls she received from CPA, including the calls CPA caused to be made to Plaintiff on or around January 22, 2013 and on at least 50 subsequent

dates. These and other calls were made using an ATDS and an artificial and/or prerecorded voice.

23. In or around the first week of January, 2013 CPA called Plaintiff seeking to collect a debt claimed to be owed to Comcast. During that call Plaintiff advised CPA's agent that he had made arrangements with Comcast to return its product and was waiting for return mailing boxes. He advised CPA's operator that he disputed any claimed debt owed and to cease and desist from contacting him.

24. Despite being advised to cease and desist in early January, 2013 CPA auto-dialed and left messages on Plaintiff's cell phone on at least the following dates:

| | | |
|---|---|---|
| 1/24/2013 | 1/28/2013 | 1/30/2013 |
| 7/29/2013 | 8/02/2013 | 8/12/2013 |
| 8/27/2013 | 8/30/2013 | 9/03/2013 |
| 9/04/2013- 3:54 PM | 9/04/2013-4:58 PM | 9/06/2013 |
| 9/09/2013-5:54 PM | 9/09/2013-7:45 PM | 9/10/2013 |
| 9/23/2013 | 9/24/2013 | 9/25/2013 |
| 9/26/2013 | 9/30/2013 | 10/01/2013 |
| 10/03/2013 | 10/07/2013 | 10/14/2013 |
| 10/15/2013 | 10/16/2013 | 10/17/2013 |
| 10/18/2013 | 10/22/2013 | 10/25/2013 |
| 10/28/2013 | 10/29/2013 | 10/30/2013 |
| 11/04/2013 | 11/06/2013 | 11/08/2013 |
| 11/11/2013 | 11/13/2013 | 11/14/2013 |
| 11/18/2013 | 11/19/2013 | 11/20/2013-12:10 PM |
| 11/20/2013-12:10 PM | 11/21/2013 | 11/22/2013-11:26 AM |
| 11/22/2013-12:43 PM | 11/25/2013-2:30 PM | 11/25/2013-2:33 PM |
| 11/26/2013 | 12/31/2013 | 1/02/2014 |

25. Plaintiff was damaged by CPA's calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls using up the airtime of his cell phone and forcing his to divert attention away from his business, family, and other activities.

<u>**COUNT I**</u>
**Violations of the TCPA, 47 U.S.C. § 227**

26. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

27. As is relevant here, the TCPA prohibits CPA from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

28. "Automatic telephone dialing system" refers to any "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC, charged with adopting rules implementing the TCPA, has clarified that an ATDS includes predictive dialers and any other equipment that has "the *capacity* to dial numbers without human intervention." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003)) (emphasis in original).

29. CPA caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephone of Plaintiff.

30. CPA has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.

31. As a result of CPA's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and are each entitled to a minimum of $500.00 in damages for each of the at least 51 violations, and a maximum of treble that amount if the Court determines that CPA's violation of the TCPA was willful or knowing. *See* 47 U.S.C. § 312(f)(1).

WHEREFORE, Plaintiff, Matthew Michel, prays for the following relief:

(a) An award of damages;

(b) An injunction prohibiting CPA from calling Plaintiff's cell phone numbers using an auto-dialer and/or artificial or prerecorded voice; and

(c) Such further and other relief the Court deems reasonable and just.

## COUNT II
### Violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

32. Plaintiff realleges and incorporates the foregoing allegations paragraphs 1- 31 as if set forth fully herein.

33. Pursuant to the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692f.

34. Additionally, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

35. Under the TCPA, it is illegal to make calls using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service because Congress determined that such calls are a nuisance, an aggravation, an invasion of privacy, costly and inconvenient. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

36. CPA made over 50 calls to Plaintiff's cellular telephone using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice for the purpose of attempting to collect consumer debts on repetitive closely situated dates. *See* Par. 25.

37. Plaintiff had his privacy invaded and was harmed by CPA's calls to his cell phone using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice.

38. CPA's use of equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice to call the cell phones of Plaintiff and the other members of the Class was unfair and harassing, and constituted an unconscionable means of attempting to collect a debt especially when the calls were made on repetitive dates and when more than one call was made on the same date.

39. The FDCPA also prohibits "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

40. CPA's autodialed and/or artificial or prerecorded voice calls told the recipient, including Plaintiff, to call 888-745-3191 if CPA had called the wrong number, so that the called party's telephone number could be removed from the list of numbers to be called. Implicit in this message is the threat that, unless the consumer takes the affirmative step of calling CPA and notifying it of the wrong number or directly requesting that the calls stop, CPA will continue to make its autodialed and/or artificial or prerecorded voice calls to the consumer's phone, in violation of Section 227(b)(1)(A)(iii) of the TCPA. Since Plaintiff had, as noted above, already instructed CPA to cease and desist from calling his cell phone, this demonstrates an intent to harass. As well, CPA's threat to continue making illegal autodialed and/or artificial or prerecorded voice calls in violation of the TCPA constituted a "threat to take any action that cannot legally be taken[,]" in further violation of Section 1692e(5) of the FDCPA.

41. CPA has, therefore, violated Sections 1692d, 1692e(5), and 1692f of the FDCPA.

42. CPA's violation of the FDCPA entitles Plaintiff and the Subclass members to an award of damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Matthew Michel prays for the following relief:

(a) Damages as provided under § 1692k of the FDCPA;

  (b) An award of attorneys' fees and costs pursuant to § 1692k of the FDCPA; and

  (c) Such further and other relief the Court deems reasonable and just.


Dated:  October 27, 2014            Respectfully submitted,

                      Matthew Michel,


                    By: /s/ *Aron Robinson*
                      Aron Robinson
                      One of Plaintiff's Attorneys


Aron Robinson
Law Office of Aron D. Robinson
180 W. Washington St. Suite 700
Chicago, IL 60602
312 857-9050

Jeffrey Mashni


## DEMAND FOR JURY TRIAL

 Plaintiff requests a trial by jury of all claims that can be so tried.


Dated:  October 27, 2014            Respectfully submitted,

                      Matthew Michel,


                    By: /s/ *Aron Robinson*
                      Aron Robinson
                      One of Plaintiff's Attorneys


Aron Robinson
Law Office of Aron D. Robinson
180 W. Washington St. Suite 700

Chicago, IL 60602
312 857-9050

Jeffrey G. Mashni
1040 S. Milwaukee Ave, Suite 235
Wheeling, IL 60090
847 499-9000

## NOTICE OF LIEN

Please be advised that, under 770 ILL. COMP. STAT. § 5/1 and any applicable state law, Plaintiff's counsel claim a lien upon any recovery herein for the reasonable fees and costs expended litigating Plaintiff's claims or such an amount as the Court awards.

Respectfully submitted,

By: /s/ Aron Robinson
One of Plaintiff's Attorneys

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the CPA take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating her. These materials are likely very relevant to the litigation of this claim. If CPA is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that CPA request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the CPA.

By: /s/ Aron Robinson
One of Plaintiff's Attorneys